**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ernest Joseph Longhini, III, | No. CV-24-00785-PHX-DJH |
| Petitioner, | **ORDER** |
| v. | |
| Ryan Thornell, et al., | |
| Respondents. | |

Before the Court is Petitioner Ernest Longhini's Petition for Habeas Corpus Relief pursuant to 28 U.S.C. § 2254 (Doc. 1) and United States Magistrate Judge Camile M. Bibles's Report and Recommendation ("R&R") recommending denial of the same (Doc. 18). Petitioner subsequently filed Objections (Doc. 27) to the Magistrate Judge's R&R. Respondents have not responded and the time to do so has expired. Petitioner also seeks status updates on his case (Docs. 28 & 29). The Court overrules Petitioner's objections and will adopt the R&R as the Order of this Court.

## I.   Legal Standards

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court "must review the magistrate judge's findings and recommendations *de novo* if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Indeed, the Court is not required to conduct "any review at all. . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985);

*see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

**II.     Discussion**

Petitioner argues four grounds for relief in his federal habeas Petition.  He contends (1) his Sixth Amendment right to confront his accusers was violated when he was unable to question the victims; (2) his right to Due Process was violated because he was unable to present a defense of guilty except insane under A.R.S. § 13-502; (3) that he was denied effective assistance of counsel when his counsel failed to raise the guilty except insane defense; and (4) that his constitutional right to enter into a plea knowingly and voluntarily was violated when he was not apprised of the ability to put forth a guilty except insane defense. (Doc. 1 at 13).   The R&R recommends that each claim be denied. (Doc. 18).  Petitioner's objections are addressed below in turn.

**A.     Sixth Amendment Right to Confront Victims**

Magistrate Judge Bibles concluded that Petitioner had waived his Sixth Amendment claim by knowingly and voluntarily pleading guilty.  (Doc. 18 at 16 ("A federal habeas claim based on the deprivation of a constitutional right, other than a jurisdictional claim, which violation is alleged to have occurred prior to the entry of the petitioner's guilty plea, is waived by the entry of a knowing and voluntary guilty plea."). In doing so, she specifically rejected the argument Petitioner advanced in his reply brief that his Sixth Amendment right to confront his accusers was "a non-existent right" that could not be waived when he pled guilty.  (Doc. 18 at 18).   She explained that Petitioner's right to confront the victims was "in effect prior to his criminal proceedings" and thus was waived by his subsequent entry of a guilty plea.  (*Id*.)   She also distinguished *Arizona Attorneys for Criminal Justice v. Ducey,* 638 F. Supp. 3d 1048 (D. Ariz. 2022), cited by Petitioner, noting that the case only applied to the First Amendment rights of criminal defense attorneys and was, in any event, no longer good law. (*Id*. citing *Arizona Attorneys for Criminal Justice v. Mayes*, 127 F.4th 104, 112–13 (9th Cir. 2025) (reversing and remanding)).

In his Objection, Petitioner says the R&R erred in finding the district court's

decision in *Arizona Attorneys for Justice v. Ducey* irrelevant and says despite its subsequent reversal by the Ninth Circuit, it should still control his case.

The Court disagrees with Petitioner. First, this Court was never bound by the holding in *Arizona Attorneys for Justice*. United States District Court rulings like *Arizona Attorneys for Justice* are only ever persuasive authority on other federal courts, including other district courts. In contrast, United States Court of Appeals rulings from each circuit are binding on the district courts in the same circuit. In its 2025 decision, the Ninth Circuit reversed the Arizona district court's holding in *Arizona Attorneys for Justice* that found that A.R.S. § 13-4433 was an unconstitutional restraint of criminal defense attorneys' First Amendment rights. The district court order is therefore no longer persuasive law. Moreover, even if the district court decision that was reversed by the Ninth Circuit could be considered good law, the Court also agrees with Judge Bibles that the case is irrelevant to Petitioner's Sixth Amendment claim. *Arizona Attorneys for Justice* addressed the First Amendment rights of criminal defense attorneys, not Sixth Amendment rights of criminal defendants like Petitioner. These objections are overruled.

**B.    Inability to Present Defense of Guilty Except Insane Defense**

Petitioner claims that he was denied due process when he was unable to present a defense of guilty except insane. Petitioner presented this claim to the Arizona Court of Appeals in his post-conviction action, asserting his right to due process was violated because "there is more than enough evidence to support the defense of 'Guilty except Insane' set out in A.R.S. §13-502." (Doc. 13-1 at 308, 325). In that action, Petitioner argued he "had a Constitutional right [to] have this defense presented in his case." (*Id*.) The appellate court denied relief and found "[t]he superior court did not abuse its discretion when it found Petitioner waived this issue by pleading guilty. A plea agreement waives all nonjurisdictional defenses, errors, and defects that occurred prior to the plea. . . Thus, we deny relief on this issue." *State v. Longhini*, 2022 WL 17684887, at *1–4 (Ariz. Ct. App. Dec 15, 2022).

On federal habeas review, Judge Bibles concluded that Petitioner could not show

- 3 -

that the Arizona Court of Appeals' conclusion that Petitioner had waived his due process claim by pleading guilty was clearly contrary to nor an unreasonable application of clearly established federal law. (Doc. 18 at 20). She found that Petitioner could not meet his burden of establishing that his plea was not knowing and voluntary, and said he failed to cite to any authority showing that a similar Sixth Amendment right is not waived by pleading guilty. (*Id*.)

In his Objection, Petitioner contends, without citation to controlling authority, that guilty except insane proceedings are considered post-trial proceedings under Arizona law and therefore are exempt from the plea waiver. (Doc. 27 at 6). He also contends that "the magistrate's application of [Harrington v. Richter and Tallett v. Henderson] is misguided." (*Id*. at 9).

Federal review of a state prisoner's grounds for habeas relief is highly deferential when the same grounds for relief have been rejected by the state court. In such circumstances, a federal habeas court can only grant relief if the petitioner shows the state court's decision denying the claim "was contrary to" or an "unreasonable application" of federal law as clearly established in the holdings of the United States Supreme Court at the time of the state court decision, or the petitioner establishes that the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Harrington v. Richter*, 562 U.S. 86, 97-98 (2011). *See also* 28 U.S.C. § 2254(d)(1).

Through this lens, the R&R assessed the state court's decision on Petitioner's due process claim and found that he had not met his burden of showing that the state court's decision that he had waived his right to make this claim when he pled guilty was contrary to any controlling law. Petitioner's objections do not show error in this conclusion. His argument that guilty except insane proceedings are post-trial proceedings under Arizona law and therefore are exempt from the plea waiver is unsupported by authority and only gleaned from Petitioner's own novel and protracted interpretation how the defense can be substantiated under Arizona law. When the Supreme Court's precedents do not "squarely

- 4 -

address" the petitioner's situation or give a "clear answer to the question presented," federal habeas relief must be denied because the state's decision cannot be found to be an unreasonable application of "clearly established" federal law as expounded by the United States Supreme Court. *E.g., Knowles v. Mirzayance*, 556 U.S. 111, 122–23 (2009); *Wright v. Van Patten*, 552 U.S. 20, 125–26 (2008).

Petitioner also objects to the R&R's citations to *Harrington v. Richter*, 562 U.S. 86, 97-98 (2011) and *Tollett v. Hendersen*, 411 U.S. 258 (1973) and distinguishes the factual situations in those cases from Petitioner's own. (*See e.g.*, Doc. 27 at 9 (saying *Tollett* "has no relevance to the instant proceedings nor does it address such a post-conviction challenge to proceedings that encompass several different points in the criminal justice process") and 10 (saying "similar logic applies" as to the inapplicability of *Hendersen* "since Petitioner has now established that the proceeding for which is challenging is not in fact a due process claim that can be waived via a plea agreement"). Petitioner says "the issue in this case turns on the determination of whether the establishment of a guilty except insane defense under Arizona law is waived by a guilty plea, even though it encompasses proceedings post-verdict." But the R&R did not err in its reliance on these cases, which it cited for general propositions that apply despite the specific factual differences between Petitioner's case and those cases.

These objections are also overruled.

### C.    Ineffective Assistance of Counsel

Petitioner argued before the Arizona Court of Appeals that he was denied his right to effective assistance of counsel for counsel's failure "to raise the guilty except insane defense during pretrial proceedings." (Doc. 1 at 13). The Arizona appellate court concluded that the claim lacked merit: Petitioner could neither substantiate his assertion that his counsel "failed to 'find' A.R.S. § 13-502 or that the result 'would have been different' had counsel presented the affirmative defense of guilty except insane under A.R.S. § 13-502." (Doc. 18 at 21). The Arizona court said the only evidence in the record that supported Petitioner's claim of a "mental defect" was "a 2018 psychologist's

report prepared at the request of Petitioner's trial counsel." (Doc. 18 at 21). The court found stated that contrary to a suggestion of deficiency,

> the psychologist's report. . . shows counsel investigated Petitioner's mental health as part of counsel's investigation of potential defenses to the charges. The superior court found Petitioner competent after a Rule 11 evaluation by two medical professionals. Petitioner's counsel later filed a motion for a court-appointed expert to evaluate Petitioner's mental health for possible mitigation purposes and 'to meet the state's allegations.' The superior court granted the motion and ordered that counsel be provided funds to retain an expert. Counsel retained a psychologist that evaluated Petitioner over three different dates and later prepared a report for counsel.
>
> The psychologist's report does not suggest that the result after trial "would have been different." The report addresses Petitioner's "emotional and social deficiencies" at length, but nowhere in the report does the psychologist express the opinion or otherwise suggest that, at the times Petitioner committed the offenses, Petitioner "was afflicted with a mental disease or defect of such severity that [Petitioner] did not know the criminal act was wrong," i.e., that Petitioner was legally insane. A.R.S. § 13-502(A); *see also State v. Malone*, 247 Ariz. 29, 31, ¶ 8 (2019) (noting that under Arizona law a mental disease or defect that does not rise to legal insanity is not admissible to challenge the mens rea of a charged offense).

(Doc. 18 at 21–22).

On federal habeas appeal, Judge Bibles found that Petitioner had failed to establish that the state appellate court's conclusion that counsel did not provide deficient performance was unreasonable. (Doc. 18 at 24). She also found that Petitioner could not show that the state court's conclusion that Petitioner was not prejudiced by his counsel's advice to take the plea rather than proceed to trial and assert a defense of guilty but insane was unreasonable. (*Id*. at 25).

Petitioner objects to the R&R's reliance on *Weaver v. Palmateer*, 455 F.3d 958 (9th Cir. 2006). Petitioner says unlike his case, *Weaver* "did not rely on any, let alone a significant background of development and mental health issues." (Doc. 27 at 12). He also says the case is distinguishable because of differences between Arizona and Oregon criminal procedures, the former which "has a multi-step process for pleading the affirmative defense of guilty except insane." (*Id*.) The R&R cited to *Weaver* as an example of a case where the court found that the plaintiff could not establish *Strickland*

prejudice where the plaintiff's proposed defense was unlikely to succeed or *Strickland* deficient performance where the plea agreement was advantageous to the defendant and where there was substantial evidence of guilt. (Doc. 18 at 25). The case was not analogized factually but cited for general propositions. As the case law instructs, Judge Bibles assessed the particular circumstances and facts of this case (*see* Doc. 18 at 23–25) in reaching her well-reasoned conclusions. *See also Woods v. Etherton*, 578 U.S. 113, 117 (2016) ("When the claim at issue is one for ineffective assistance of counsel. . . AEDPA review is 'doubly deferential"). Moreover, the Court agrees with those conclusions. This objection is overruled.

### D.     Knowing and Voluntary Plea

Petitioner argued before the state court that his plea was defective because his attorney failed to make him aware of the possibility of a guilty-except-insane defense. (Doc. 18 at 26). The state court rejected that claim on the merits because it was unsubstantiated and because Petitioner could not show that but for his attorneys' errors there was a reasonable probability he would not have pled guilty and insisted on going to trial. (*Id*.) In concluding that the state court's denial of this claim was not contrary to or an unreasonable application of federal law, the R&R stated in part that "[t]he Supreme Court's decisions do not suggest that a conscious waiver is necessary for each potential defense relinquished by a guilty plea" and cited to *United States v. Chavez-Diaz*, 949 F.3d 1202 (2020) and *United States v. Broce*, 488 U.S. 563 (1989).

Petitioner objects to the R&R's "heavy reliance" on *Chavez-Diaz* and *Broce*, and distinguishes them factually and procedurally. (Doc. 27 at 14–15). Petitioner says that "the term 'knowing' as established by the United States Supreme Court implies that the petitioner would have had at least some conversation about possible defenses, and at the time of plea negotiations, should have included advice about the waiver of GEI." (*Id*. at 15). He says that because this was his "only foreseeable trial defense, counsel's failure to discuss it constitutes ineffective assistance of counsel." (*Id*.)

Petitioner's objections are overruled. First, Petitioner again fails to show how he

substantiated to the state court his claim that he was unaware of the defense or that he would have rejected the plea if he had known of it. Second, Petitioner fails to cite to any controlling case law that says a plea is only considered knowing when trial counsel has discussed a guilty except insane defense with a defendant prior to plea negotiations. On habeas review, Petitioner has the obligation to show that the state court's denial of relief was contrary to or an unreasonable application of federal law. The R&R correctly found that Petitioner had failed to meet his burden here.

Accordingly,

**IT IS ORDERED** that Petitioner's Objections (Doc. 27) are **OVERRULED** and the R&R (Doc. 18) is **ADOPTED** as the Order of the Court in its entirety. Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED**. Petitioner's Motions for Status (Docs. 28 & 29) seeking updates on this case are **GRANTED**, as stated in this Order.

**IT IS FURTHER ORDERED DENYING** a requires for a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall terminate this action and enter judgment accordingly.

Dated this 18th day of June, 2026.

Honorable Diane J. Humetewa
United States District Judge

- 8 -